IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE RULE 45 SUBPOENA ISSUED TO MARLO GIBSON IN THE MATTER OF: | **NO.: 23-MC-0013-KD-MU** |
| LERON LEWIS, JR, | |
| Plaintiff, | |
| v. | Lead Case – S.D. ILL. No. 3:20-cv-1355-RJD |
| HIRSCHBACH MOTOR LINES, INC., *et al.*, | |
| Defendants. | |

### ORDER

This matter is before the Court on the Rule 45(g) Motion to Show Cause and for Civil Contempt Against Marlo Gibson (Doc. 1) and the Rule 45(f) Motion to Transfer Rule 45(g) Motion to Show Cause, or in the alternative, for Civil Contempt, Against Marlo Gibson (Doc. 3) filed by Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr. (the "Movants") on August 18, 2023. These motions have been referred to the undersigned Magistrate Judge for disposition. As set forth below, the Rule 45(f) motion to transfer the Movants' motion to show cause and for civil contempt against non-party Marlo Gibson (Doc. 3) is **GRANTED.**

On August 18, 2023, Movants filed their Rule 45 action in this Court to compel the appearance of non-party Marlo Gibson for deposition, on the grounds that he had previously failed to appear without justification on three properly noticed deposition dates and recently evaded service of the fourth and instant deposition subpoena, which Movants attempted to have served via process server at his last known address: 1500 Hillcrest Rd, Apt 1128, Mobile, AL 36695-3964. On August 31, 2023, this Court directed

the Clerk to mail the Order it entered requiring Mr. Gibson to respond to Movant's Motion to Show Cause and for Civil Contempt (Doc. 5), along with a copy of the motion (Doc. 1), to Mr. Gibson. The Order was sent to Mr. Gibson at the above address via certified mail with return receipt requested and was subsequently returned by the post office with the notation "Return to Sender/Unable to Forward." (Docs. 5, 6). On September 25, 2023, this Court ordered Movants to provide Mr. Gibson's current mailing address to the Court by October 2. (Doc. 7).

On October 2, 2023, Movants filed a supplement to their motion, stating, *inter alia,* that the above address is Mr. Gibson's last known address and the address where Movants effectuated proper service of a prior deposition subpoena by hand delivery to Samantha Longmier, an adult woman, and his co-habitant at said address, who accepted service for Mr. Gibson on March 20, 2023. (Doc. 8, Ex. A). As detailed in Movant's motion to show cause, Mr. Gibson failed to appear without notice or justification for his deposition on the scheduled date, April 8, 2023. (Doc. 1 at Exs. A and D). Movants attempted to serve Mr. Gibson a subsequent deposition subpoena at the Hillcrest Road address in July 2023, again via process server. The process server attests that he attempted service at said address four times between July 26 and August 1, 2023. (Doc. 8 at Ex. B). On the second attempt, the process server observed a man and woman inside and informed them on their Ring door camera of his identity and purpose for being there. He overhead the woman say to the man inside, "See who's at the door." A message played on the Ring door camera stated that they could not come to the door at that time. The process server waited at the front door for approximately 10 minutes before departing and attested that the man and woman were

talking amongst themselves the entire time. (*Id*. at Ex. B at 1-2). The photographs attached by the process server to both the Affidavit of Service and subsequent Affidavit of Nonservice clearly demonstrate that all attempts were rendered at the correct apartment. (*Id*. at Ex. A at 3; Ex. B at 3). According to documents attached by Movants, the Hillcrest Road address was listed in the LexisNexis Public Records Database as Mr. Gibson's current address.[1] (*Id.* at Ex. C).

In the last year of the underlying litigation, Movants' counsel has attempted to contact Mr. Gibson through a myriad of methods, including email, phone calls, text messages, mailed letters, and through Datway's counsel of record, to no avail. (*Id.* at Ex. D). Movants submitted that they had reasonably exhausted all practical means of finding and serving Mr. Gibson. Movants further averred that there was a preponderance of evidence that demonstrated that Gibson was and is actively avoiding service. Movants have expended substantial costs and fees associated with Mr. Gibson's repeated failures to appear, including the cancellation of a court reporter on both occasions with insufficient notice to obtain a refund. (Doc. 1-4).

For Movants to properly move for a Writ of Body Attachment to secure Mr. Gibson's presence at his deposition, the Court must first issue a Rule to Show Cause against Mr. Gibson and/or find him in contempt. *See Avdeef v. Royal Bank of Scotland, P.L.C.,* 616 F. App'x 665, 668-69 (5th Cir. 2015); *Palmer v. City of Decatur*, No. 17-CV-3268, 2019 WL 13153994 (C.D. Ill. Dec. 9, 2019). Finding that Mr. Gibson must be provided notice and an opportunity to oppose Movants' motion for a show cause order

---

[1] LexisNexis Public Records analyzes 81 billion records from over 10,000 sources to create a public-records profile of a given individual with a single search thereof, including their current and prior addresses. *See* https://www.lexisnexis.com/en-us/products/public-records.page

3

or a finding of contempt to issue and concluding that Movants attempted to serve Mr. Gibson through all reasonable means and that Mr. Gibson was/is actively avoiding service, the Court granted Movants' request that service of the Movants' motions and other relevant filings in this Rule 45 ancillary action be made upon Mr. Gibson via publication pursuant to Federal Rules of Civil Procedure 4(e)(1) and Rule 4.3 of the Alabama Rules of Civil Procedure.

Movants were directed to comply with the provisions of Rule 4.3(d) of the Alabama Rules of Civil Procedure which require that the publication shall be filed in a newspaper of general circulation in Mobile County, Alabama and were further ordered to file proof of completed service by publication upon completion of the requirements of Rule 4.3 of the Alabama Rules of Civil Procedure. Non-party Marlo Gibson was ordered to file his response to Movants' motion to show cause and/or for a finding of contempt within fourteen (14) days of Movants' filing of notice that service by publication had been completed. Movants complied with all requirements for service by publication and filed notice that service by publication had been completed on December 8, 2023. Non-party Marlo Gibson has filed no response or opposition to Movants' motion to show cause and/or for a finding of contempt within fourteen days of said date.

Rule 45(f) of the Federal Rules of Civil Procedure provides:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an

4

> officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f). Because Gibson has avoided service and has not followed this Court's directive to respond to the motion, he has not consented to transfer. However, the Court finds that transfer of the motion to show cause for failure to comply with a non-party subpoena to the issuing court is supported by exceptional circumstances. First, the issuing Court is more knowledgeable about the schedule and case management of the underlying case, as well as its facts and posture. In addition, the evidence shows that Gibson has actively avoided service and has thus not preserved his opportunity to be heard in this Court. Moreover, Movants have thus far expended a great deal of time and money to secure his attendance at deposition.

Accordingly, Movants' motion to transfer their Rule 45(g) Motion to Show Cause and for Civil Contempt Against Marlo Gibson to the issuing Court (Doc. 3) is hereby **GRANTED.** It is **ORDERED** that the Rule 45(g) Motion to Show Cause and for Civil Contempt Against Marlo Gibson (Doc. 1) filed by Hirschbach Motor Lines, Inc. and Eric Jerome Campbell, Sr. on August 18, 2023, is hereby **TRANSFERRED** to the United States District Court for the Southern District of Illinois, Lead Case No. 3:20-cv-1355-RJD, *Lewis v. Hirschbach Motor Lines, Inc., et al.,* under Rule 45(f) for appropriate disposition. The Clerk of Court is **DIRECTED** to take all necessary steps to effectuate this transfer.

**DONE** and **ORDERED** this the **3rd** day of **January, 2024**.

s/P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**